UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:05-CR-19 |
| | ) | JUDGE GREER |
| CHARLA DENISE BREWER | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, the United States Attorney for the Eastern District of Tennessee, and the defendant, Charla Denise Brewer, and her attorney, Angela Morelock, have agreed upon the following:

1. The defendant will plead guilty to Count 1 of the indictment charging her with a violation of Title 21, United States Code, Section 846. The parties agree that the appropriate disposition of this case would be the following:

   (a) The court may impose any lawful term of imprisonment up to the statutory maximum;

   (b) The court may impose any lawful fine up to the statutory maximum;

   (c) The court may impose any lawful term of supervised release; and

   (d) The court will impose any applicable mandatory assessment.

2. The maximum penalty to which the defendant will be exposed by virtue of her guilty plea is a term of imprisonment of a minimum mandatory ten years and not more than life, a fine of $4,000,000.00, a term of supervised release of at least five years to life, and a mandatory assessment of $100.00.

3. The defendant further agrees to cooperate fully, truthfully, and completely with any and all law enforcement agents including but not limited to personnel of the United States Attorney's Office. This cooperation includes, but is not limited to, meeting with and being interviewed by such law enforcement agents or United States Attorney's personnel whenever requested. The defendant further agrees not to protect anyone who was truly involved and not to falsely implicate anyone who was not truly involved. The defendant further agrees to testify fully, truthfully, and completely before a federal grand jury, at any trial, or any other time or proceeding if called upon by the United States to do so. The defendant also knowingly, voluntarily, and intentionally waives her right (where applicable) to have an attorney present during the course of her cooperation, including questioning.

4. The defendant's agreement to cooperate fully, truthfully, and completely is an integral part of this agreement. If the defendant fails to cooperate fully, truthfully, and completely as outlined in this agreement, the United States

2

will be free to withdraw from this plea agreement, or will be relieved of its obligations, if any, under this agreement.

5. Nothing in this agreement shields the defendant from prosecution for perjury or the giving of a false statement to a federal agent in the event that she commits such an offense. Should the defendant commit perjury or give a false statement to a federal agent, then the United States will be free to prosecute her for that offense and will be free to withdraw from this plea agreement or be relieved of its obligations, if any, under this agreement.

6. No self-incriminating information provided by the defendant pursuant to her cooperation under this written plea agreement will be used against the defendant unless the defendant violates any of the terms of this agreement. However, nothing in this plea agreement shall be applied to restrict the use of any information (1) known to the government prior to entering into this written plea agreement; (2) obtained from any other source; (3) in any prosecution for perjury or giving of false statements; (4) in the event that the defendant withdraws from this plea agreement; (5) if there is a breach of the plea agreement by the defendant; or (6) concerning the defendant's prior criminal record.

7. Defendant understands that the court has the authority to impose any lawful sentence in this case. Defendant acknowledges that the United States

3

Sentencing Guidelines will be considered in defendant's case to determine the appropriate sentence. Defendant acknowledges that the sentencing determination will be based upon the entire scope of defendant's criminal conduct, defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

8. At the time of sentencing, the United States will bring to the court's attention the nature, extent, and value of the defendant's cooperation. This information will be provided to the court so that it may be considered in determining a fair and appropriate sentence under the facts of the case. If, in the sole discretion of the United States, the defendant provides substantial assistance, the United States will make a motion for downward departure pursuant to 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), or both, with the district court allowing the district court to impose a sentence which may fall below the minimum mandatory term of imprisonment or below the sentencing guidelines.

9. If the defendant complies with the terms of this agreement, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of U.S.S.G. § 3E1.1(a). Should the defendant commit any act or omission or make any statements which would be inconsistent with accepting responsibility for defendant's offense(s), the United States will be

4

relieved from its obligations under this paragraph and will be free to recommend to the district court that the defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. Further, if the defendant complies with the terms of this agreement and the defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the district court decrease the applicable offense level by one additional level pursuant to U.S.S.G. § 3E1.1(b). The defendant agrees that the decision to file such a motion is within the sole discretion of the United States, and should the defendant commit any act or omission or make any statements which would be inconsistent with accepting responsibility for the defendant's offense(s), the United States will be relieved from its obligations under this paragraph, will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the district court that the defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

11. The defendant acknowledges that she has read the indictment in this case and that her attorney has fully explained the nature of the charges, the potential penalties, and any defenses that she might have. The defendant further acknowledges that in order to be convicted of Count 1, the United States must

5

prove beyond a reasonable doubt that the defendant (1) conspired with at least one other person to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II, controlled substance on or about the date charged in the Eastern District of Tennessee, and (2) that such conspiracy to distribute and possess with the intent to distribute was done knowingly, intentionally and without authority.

12. The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or defendant's nominees which were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of Title 21, United States Code, Section 846 and 841(a)(1), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's drug distribution activities which are in the possession or control of the defendant or the defendant's nominees. The defendant further agrees to fully assist the government in the recovery and return to the United States of any assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a

6

nominee. The defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. Defendant agrees to take all such steps to locate property and to pass title to the United States before the defendant's sentencing.

13. The defendant acknowledges that she understands she has a right to persist in a plea of not guilty and the right to a jury trial at which she would have the right to assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. The defendant further acknowledges that she understands that if her guilty plea is accepted by the court, there will be no jury trial and by pleading guilty she waives her right to a jury trial. The defendant further acknowledges that she understands that the court may question her under oath, on the record, and in the presence of counsel about offenses to which she will be pleading guilty and her answers could later be used against her in a prosecution for perjury or false statement. The

7

defendant further acknowledges that she is entering her plea of guilty voluntarily and not as a result of force or threats nor as a result of any promises by any agent of the government apart from this plea agreement.

14. The defendant has thoroughly reviewed this agreement with her lawyer and defendant's lawyer has fully and completely answered all of the defendant's questions about this guilty plea and its consequences, including questions about sentencing, and has provided the defendant with satisfactory advice and representation. In return for the concessions made by the government in this agreement the defendant is pleading guilty voluntarily and with an understanding of the consequences of her plea of guilty, including sentencing. Therefore, the defendant knowingly and voluntarily agrees to waive any rights she may have to file any post-conviction motions or pleadings pursuant to Title 28, United States Code, Section 2255. Specifically, the defendant knowingly, intentionally, and voluntarily waives her right to collaterally attack the plea(s) being offered in the instant case. Likewise, defendant knowingly and voluntarily agrees to waive all rights to appeal her conviction or sentence on any ground, including those rights contained in Title 18, United States Code, Section 3742 provided that the sentence does not exceed the statutory maximum for her crimes or does not otherwise constitute a violation of law. However, the parties

8

acknowledge that the government has certain limited rights to appeal the sentence in this case pursuant to Title 18, United States Code, Section 3742(b), and agree that nothing in this agreement affects the government's right or duty to do so. The parties further agree, in accordance with current case law, that this waiver does not affect the defendant's right to appeal or collaterally attack the conviction and sentence upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the defendant at the time of defendant's guilty plea.

15. As part of the plea agreement, the defendant will pay the special assessment fee adjudged in this case at the time of plea.

16. Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, defendant agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. By virtue of this plea agreement, defendant waives any statutory or constitutional right to have the payment schedule determined by the district court. Defendant further agrees to cooperate

9

fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the government deems appropriate. Finally, defendant and counsel agree that government officials may contact the defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of counsel.

17. If either the United States or the defendant violates the terms of this agreement, the other party will have the right to void the agreement. Additionally, should the defendant violate any local, state, or federal law, pending the resolution of this case, the United States will have the right to withdraw from this plea agreement and to proceed otherwise or to be relieved of its obligations, if any, under this plea agreement. Further, if the defendant fails to comply with any order of this court during the pendency of this case, the United States is free to withdraw from this plea agreement or to be relieved of its obligations, if any, under this plea agreement.

18. Attached hereto and made a part hereof is a stipulation of facts agreed to by the parties as those facts applicable to this prosecution.

19. The United States further agrees that this plea agreement and the defendant's plea of guilty constitute a full disposition of the known federal charges against the defendant within the Eastern District of Tennessee as pertains to the

10

conduct constituting the violations for which defendant is charged in this specific case within the Eastern District of Tennessee.

20. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States.

James R. Dedrick
Acting United States Attorney

3/15/06
Date

By: *Caryn L. Hebert*
~~D. R. Smith~~ CARYN L. HEBERT
Assistant United States Attorney

03-10-06
Date

*Charla Denise Brewer*
Charla Denise Brewer
Defendant

3-10-06
Date

*Angela M.*
Angela Morelock
Attorney for Defendant

11